**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ANDREW CUOMO,**<br><br>Petitioner,<br><br>v.<br><br>**CTW CONSULTING, LTD.**<br><br>Respondent. | Civil Action No.: 1:26-cv-10037<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioner Andrew Cuomo, by and through his undersigned counsel, respectfully petitions this Court for an order granting his Petition to Confirm Arbitration Award against Respondent CTW Consulting, Ltd., showing the Court as follows:

**PARTIES**

1. Petitioner Andrew Cuomo is a natural person domiciled in the State of Georgia who may be served through undersigned counsel.

2. Respondent CTW Consulting, Ltd. ("CTW") is a limited company formed under the laws of the British Virgin Islands, a British Overseas Territory, located at Clarence Thomas Building, P.O. Box 4649, Road Town, Tortola, VG1110, Virgin Islands, British. Through its agent, Respondent has authorized arbitration notices to be sent to Non-Party Sebastian Bretschneider at 321 West 110th Street, #20C, New York, New York 10026 and 1sebnyc@gmail.com.

3. CTW may also be served at Clarence Thomas Building, P.O. Box 4649, Road Town, Tortola, VG1110, Virgin Islands, British; through its counsel, Rena Andoh of Foley & Lardner LLP, at 90 Park Avenue, New York, NY 10016, rena.andoh@foley.com; or wherever it may be found.

## JURISDICTION AND VENUE

4. This Court has federal subject-matter jurisdiction under 9 U.S.C. § 203 and 28 U.S.C. § 1331, because this proceeding arises under the New York Convention as implemented by Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208. Although the award was rendered in the United States, it is non-domestic within the meaning of the Convention because Respondent is a foreign entity.

5. This Court also has federal diversity jurisdiction because (1) there is complete diversity between the Petitioner and the Respondent, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

6. The Court has personal jurisdiction over Respondent because Respondent agreed to arbitrate disputes in New York City, and thereby consented to the jurisdiction of the courts in New York for proceedings to confirm the resulting award.

7. Venue is proper in this judicial district because the Parties agreed that the arbitration would take place in New York, New York, and the award was issued in New York, New York. *See* 9 U.S.C. § 9.

## FACTS

8. Petitioner was contracted to work as the Chief Commercial Officer of Respondent CTW Consulting LTD. and Non-Party CTW Consulting EOOD ("CTW BG"), as reflected in the Fourth Amended and Restated Contractor Agreement ("Agreement") attached hereto as Exhibit L.

9. The Agreement is governed by New York law. (Exh. L ¶ 29).

10. The Agreement provided that "[a]ny dispute arising hereunder shall be finally settled by binding arbitration conducted in New York City by a single arbitrator selected by the America Arbitration Association[.]" (*Id.* ¶ 30).

11. A dispute arose between Cuomo and CTW, which was submitted to the American Arbitration Association pursuant to Paragraph 30 of the Agreement.

12. CTW filed the first Demand with the American Arbitration Association ("AAA") on April 2, 2025, and Cuomo filed his Demand with the AAA on April 3, 2025 against both CTW and its principal, Sebastian Bretschneider.

13. The American Arbitration Association appointed Arbitrator Noah Hanft, to whom neither party objected.

14. Arbitrator Hanft consolidated both Demands into the same proceeding styled *Andrew Cuomo v. CTW Consulting LTD. and Sebastian Bretschneider*, case no. 01-25-0001-6818.

15. All parties were represented by counsel throughout the arbitration, and they engaged in written discovery and depositions.

16. On March 24 and 25, 2026, Arbitrator Hanft held an evidentiary hearing by videoconference ("Hearing").

17. At the Hearing, the parties presented evidence and witness testimony.

18. The Arbitrator then heard oral argument, and the parties submitted post-hearing briefs on April 17, 2026.

19. On June 25, 2026, Arbitrator Hanft issued the Partial Final Award in New York, New York, a true and correct copy of which is attached hereto as Exhibit C.

20. On July 24, 2026, Arbitrator Hanft issued the Final Award in New York, New York, a true and correct copy of which is attached hereto as Exhibit D.

21. According to the Final Award, Arbitrator Hanft held:

> Respondent CTW Consulting Ltd is liable to Claimant in the amount of $640,000.00 for the unpaid Contractor's Sale Payment and $150,000.00 in unpaid salary. Respondent, CTW Consulting Ltd is also liable for pre-judgment interest in the total amount of $121,969.86.

> Respondent, CTW Consulting Ltd is liable to Claimant for attorney's fees in the amount of $66.398.10, AAA Administrative fees in the amount of $2,850.00, and the Arbitrator's fees totaling $54,520.00.
>
> Claimant is also entitled to post-judgment interest at 9% on the entire Final Award until it is satisfied in full. (Exh. D at 4-5).

22. Neither the Partial Final Award nor the Final Award (collectively, "Award") has been challenged, amended, or vacated.

23. As of the date of this Petition, CTW has not served any motion to vacate, modify, or correct the Award, and no court has vacated, modified, or corrected it.

24. This Petition is timely. It is filed within one year after the Award was made, as 9 U.S.C. § 9 requires, and within three years after it was made, as 9 U.S.C. § 207 requires.

25. CTW has not paid any portion of the Award.

## COUNT ONE
## Confirmation of Award Under 9 U.S.C. § 9

26. Petitioner Andrew Cuomo reincorporates paragraphs 1 through 25 as if fully set forth within.

27. The Agreement contains a provision to arbitrate that is valid and enforceable under 9 U.S.C. § 2.

28. The parties agreed, expressly or by necessary implication, that judgment may be entered on the award.

29. Petitioner has applied for confirmation within one year after the Award was made.

30. No ground exists under 9 U.S.C. § 10 to vacate the Award or under 9 U.S.C. § 11 to modify or correct it.

31. Under 9 U.S.C. § 9, the Court must therefore grant an order confirming the Award and enter judgment thereon under 9 U.S.C. § 13.

**COUNT TWO**
**Confirmation Under 9 U.S.C. § 207 and the New York Convention**

32. Cuomo reincorporates paragraphs 1 through 31 as if fully set forth within.

33. The Award is an arbitral award falling under the New York Convention within the meaning of 9 U.S.C. § 202.

34. Petitioner has applied for confirmation within three years after the Award was made. *See* 9 U.S.C. § 207.

35. In compliance with Article IV of the New York Convention, Petitioner has supplied authenticated copies of the Agreement and the Award, as authenticated by the Declaration of Andrew Cuomo, (Exh. B ¶ 3), and the Declaration of D. Barret Broussard, (Exh. A ¶¶ 4-5).

36. None of the grounds in Article V of the New York Convention for refusing or deferring recognition or enforcement applies to this Award.

37. Under 9 U.S.C. § 207, the Court must confirm the Award.

**PRAYER**

**WHEREFORE**, Petitioner Andrew Cuomo respectfully requests that this Court:

a) Issue an order under 9 U.S.C. §§ 9 and 207 confirming the Final Award dated July 24, 2026 (Exh. D), including the Partial Final Award dated June 25, 2026 (Exhibit C), which the Final Award incorporates, in AAA Case No. 01-25-0001-6818;

b) Enter judgment under 9 U.S.C. § 13 in favor of Petitioner and against Respondent CTW Consulting, Ltd. in the amount of $978,367.96;

c) Award interest on that sum at the rate of 9% per annum from July 24, 2026 through the date of judgment, a per diem of $241.24;

d) Award Petitioner post-judgment interest on the full amount of the judgment, including the interest awarded under paragraph (c), from the date of entry of judgment until the judgment is paid in full, at the rate prescribed by 28 U.S.C. § 1961;

e) Award the Petitioner attorney's fees and costs incurred in filing this Petition to Confirm Arbitration Award because, *inter alia*, Respondent has refused to comply with the Award without justification; and

f) Grant such other and further relief as the Court deems just and proper.

DATED: November 16, 2026

Respectfully Submitted,

**McDOWELL HETHERINGTON LLP**

*/s/ Ryan Goodland*
Ryan Goodland
S.D.N.Y. Bar No.: RG2364
New York Bar No.: 5292941
1001 Fannin St., Suite 2400
Houston, Texas 77002
Phone: (713) 893-4406
Fax: (713) 337-8850
E-mail: Ryan.Goodland@mhllp.com

-and-

D. Barret Broussard
**BROUSSARD LAW LLC**
Georgia Bar No.: 218806
*(Application to Appear Pro Hac Vice Filed Herewith)*
925B Peachtree Street NE # 347
Atlanta, Georgia 30309
Phone: (404) 590-0601
E-mail: barret@broussard.law
*Counsel for Petitioner, Andrew Cuomo*